**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SEARCHMETRICS INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-11032 (CSS) |

### DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

**CHIPMAN BROWN CICERO & COLE, LLP**
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:        chipman@chipmanbrown.com
              olivere@chipmanbrown.com

*Proposed Counsel for Debtor, Searchmetrics Inc.*

Dated: May 8, 2017

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Searchmetrics Inc. (1635). The mailing address for the Debtor, solely for purposes of notices and communications, is c/o EisnerAmper LLP, 750 Third Avenue, New York, New York 10017, *Attn*: Wayne P. Weitz.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................2

ARTICLE I DEFINITIONS AND CONSTRUCTION OF TERMS ...........................................2

    A.    DEFINITIONS ........................................................................... 2-11

    B.    INTERPRETATION; APPLICATION OF DEFINITIONS AND RULES OF CONSTRUCTION ........11

    C.    COMPUTATION OF TIME ..................................................................12

    D.    APPENDICES AND PLAN DOCUMENTS ...................................................12

ARTICLE II TREATMENT OF DIP FACILITY CLAIMS, ADMINISTRATIVE
EXPENSE CLAIMS, AND FEE CLAIMS ..................................................................12

        (a)    DIP Facility Claims......................................................................12

        (b)    Administrative Expense Claims.................................................13

        (c)    Time for Filing Administrative Expense Claims ......................13

        (d)    Fee Claims ...............................................................................13

        (e)    Treatment of Fee Claims.........................................................14

ARTICLE III TREATMENT OF CLAIMS AND EQUITY INTERESTS....................................15

ARTICLE IV TREATMENT OF CLAIMS AND EQUITY INTERESTS ...................................16

    TREATMENT OF CLASSIFIED CLAIMS UNDER ALTERNATIVE 1:
    FULL PAYOUT PLAN.......................................................................16

    4.1    Class 1: Priority Tax Claims ....................................................16

        (a)    Impairment and Voting .............................................................16

        (b)    Treatment .................................................................................17

    4.2    Class 2: Non-Tax Priority Claims ............................................17

        (a)    Impairment and Voting .............................................................17

        (b)    Treatment .................................................................................17

    4.3    Class 3:  Secured Claims.........................................................17

        (a)    Impairment and Voting .............................................................17

        (b)    Treatment .................................................................................17

    4.4    Class 4A:  BE Claims .............................................................17

|  |  | (a) | Impairment and Voting | 17 |
|  |  | (b) | Treatment | 17 |
|  | 4.5 | Class 5A: General Unsecured Claims | | 18 |
|  |  | (a) | Impairment and Voting | 18 |
|  |  | (b) | Treatment | 18 |
|  | 4.6 | Class 6: Equity Interests | | 18 |
|  |  | (a) | Impairment and Voting | 18 |
|  |  | (b) | Treatment | 18 |

TREATMENT OF IMPAIRED CLAIMS UNDER ALTERATIVE 2: NEW VALUE PLAN .............18

|  | 4.7 | Class 4B:  BE Claims | | 18 |
|  |  | (a) | Impairment and Voting | 18 |
|  |  | (b) | Treatment | 18 |
|  | 4.8 | Class 5B: General Unsecured Claims | | 19 |
|  |  | (a) | Impairment and Voting | 19 |
|  |  | (b) | Treatment | 19 |

IMPLEMENTATION OF THE PLAN .............19

|  | 4.9 | Sources of Consideration for Distributions Under the Plan | 19 |
|  | 4.10 | Vesting of Assets | 19 |
|  | 4.11 | Retention of Causes of Actions/Reservation of Rights | 20 |
|  | 4.12 | Approval of Plan Documents | 20 |
|  | 4.13 | Plan Supplement/Exhibits/Schedules | 20 |
|  | 4.14 | Director and Officer Liability Insurance; Other Insurance | 20 |
|  | 4.15 | Plan Governs | 20 |

ARTICLE V CORPORATE GOVERNANCE AND MANAGEMENT OF REORGANIZED DEBTOR .............21

|  | 5.1 | Corporate Action and Post-Effective Date Governance | 21 |

5.2    New Organizational Documents ................................................................21

5.3    Officers and Boards of Directors ...........................................................21

5.4    Section 1146 Exemption .........................................................................21

ARTICLE VI PROVISIONS REGARDING DISTRIBUTIONS UNDER THE PLAN .............22

6.1    Distributions Generally ..........................................................................22

6.2    Timing of Distributions..........................................................................22

6.3    Distribution to Address of Record .........................................................22

6.4    Unclaimed Distributions ........................................................................23

6.5    Set-Offs ..................................................................................................23

6.6    Allocation of Plan Distributions Between Principal and Interest ..........23

6.7    Estimation of Claims; Certain Reserves; Liquidation of Claims Reserves ..........23

      (a)    Estimation of General Unsecured Claims....................................23

      (b)    Establishment of Reserves ..........................................................23

            (1)    *Establishment of Reserve for Disputed Claims*............................23

            (2)    *Establishment of Administrative Expense Claims Reserve* ...........24

            (3)    *Establishment of Fee Claim Reserve* .............................................24

      (c)    Liquidation of Reserves ...............................................................24

6.8    Non-Recourse .........................................................................................24

6.9    Withholding and Reporting Requirements ..............................................24

ARTICLE VII PROCEDURES RELATED TO DISPUTED CLAIMS ......................................25

7.1    Allowance of Claims...............................................................................25

7.2    Objections to Administrative Expense Claims and Claims .....................25

7.3    Amendments to Claims...........................................................................25

7.4    No Distributions Pending Allowance .....................................................26

7.5    Resolution of Disputed Claims ...............................................................26

7.6    Disallowance of Claims .........................................................................26

ARTICLE VIII EFFECT OF CONFIRMATION & INDEMNIFICATION, RELEASE, INJUNCTIVE AND RELATED PROVISIONS ...........................................26

8.1     Binding Effect..........................................................................................26

8.2     Term of Pre-Confirmation Injunctions or Stays .....................................26

8.3     Discharge of Claims.................................................................................27

8.4     Injunction Against Interference with Plan ..............................................27

8.5     Injunction ................................................................................................27

8.6     Releases....................................................................................................28

        (a)     Released by the Debtor .................................................28
        (b)     Releases by Holders of Claims and Equity Interests ...................................29

8.7     Exculpation and Limitation of Liability .................................................30

8.8     Injunction Related to Releases and Exculpation.....................................30

8.9     Releases of Liens and Encumbrances ......................................................30

8.10    Satisfaction of Subordination Rights ......................................................31

ARTICLE IX TREATMENT OF CONTRACTS ........................................................31

9.1     Assumption and Rejection of Contracts ..................................................31

9.2     Claims Based on Rejection of Contracts .................................................31

9.3     Cure of Defaults for Assumed Contracts and Leases .............................32

9.4     Modifications, Amendments, Supplements, Restatements, or Other Agreements ................................................................................32

9.5     Reservation of Rights...............................................................................32

9.6     Non-Occurrence of Effective Date .........................................................33

9.7     Confirmation Pursuant to Section 1129(a)(10) and 1129(b) of the Bankruptcy Code ................................................................................33

9.8     Elimination of Vacant Classes ................................................................33

ARTICLE X CONDITIONS PRECEDENT TO THE EFFECTIVE DATE ...............33

10.1    Conditions to Confirmation .....................................................................33

iv

10.2    Conditions to Effective Date................................................................34

10.3    Effectiveness........................................................................................34

10.4    Waiver of Conditions...........................................................................34

10.5    Withdrawal of Plan..............................................................................34

      (a)    Right to Revoke or Withdraw...............................................34

      (b)    Effect of Withdrawal, Revocation, or Non-Consummation ......34

10.6    Waiver of Rule 3020(e) Stay ...............................................................35

ARTICLE XI RETENTION OF JURISDICTION................................................35

11.1    Scope of Bankruptcy Court Jurisdiction ............................................35

ARTICLE XII MISCELLANEOUS PROVISIONS .............................................36

12.1    Effectuating Documents and Further Transactions.............................36

12.2    Termination of Professionals ..............................................................36

12.3    Payment of Statutory Fees ..................................................................37

12.4    Post-Effective Date Fees and Expenses ..............................................37

12.5    Amendment or Modification of this Plan ............................................37

12.6    Confirmation Order..............................................................................37

12.7    Severability..........................................................................................37

12.8    Expedited Tax Determination .............................................................38

12.9    Governing Law .....................................................................................38

12.10   Binding Effect......................................................................................38

12.11   Exhibits/Schedules...............................................................................38

12.12   Notices .................................................................................................38

# INTRODUCTION

Searchmetrics Inc., the Debtor[2] and debtor in possession in the above-captioned Chapter 11 Case, hereby proposes the following *Chapter 11 Plan of Reorganization*.

Holders of Claims and Equity Interests should refer to the Disclosure Statement for a discussion of the Debtor's history, business, assets, results of operations, and historical financial information, as well as a description of this Plan and certain risk factors concerning the Plan.

# ARTICLE I

## DEFINITIONS AND CONSTRUCTION OF TERMS

**A.    DEFINITIONS**.  Unless the context otherwise requires or a term is defined within the Plan itself, the following terms shall have the respective meanings set forth below, except as expressly provided otherwise.

**1.1    Administrative Expense Claim**.  Any cost or expense incurred by the Debtor or Claim accrued on or following the Petition Date through the Effective Date that is allowable as a cost of administration in accordance with section 503(b)(1) of the Bankruptcy Code, excluding Fee Claims.

**1.2    Administrative Expense Claim Bar Date**.  The date that is thirty (30) days after service of the notice of the occurrence of the Effective Date.

**1.3    Administrative Expense Claims Reserve**.  Shall have the meaning set forth in Section 6.7(b)(2) of the Plan.

**1.4    Adversary Proceeding**.  That certain adversary proceeding, Adv. No. 17-50478 (CSS), pending before the Bankruptcy Court and initiated by Searchmetrics by filing the Complaint on the Petition Date.

**1.5    *Alice* Motion**.  The motion filed by the Debtor in the Adversary Proceeding seeking to invalidate patents assigned to BrightEdge under and in accordance with the holding by the United States Supreme Court in its decision in *Alice v. CLS Bank*, 134 S. Ct. 2347 (2014).

**1.6    Allowed Claim**.  With reference to any Claim, or portion thereof, against the Debtor: (i) any Claim that has been listed by the Debtor in its Schedules, as amended by the Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no Proof of Claim has been filed; *provided*, *however*, that any such Claim listed in the Schedules that has been paid by the Debtor after the Petition Date pursuant to an Order of the Bankruptcy Court shall not be considered an Allowed Claim; *provided further*, that (i) any Claim, proof of which has been filed on or before the applicable Bar Date and for which no objection has been made; (ii) any Claim deemed Allowed under the Plan and Allowed

---

[2]    All capitalized terms used, but not otherwise defined, shall have the meanings set forth in the Bankruptcy Code.

by the Confirmation Order; or (iii) any Claim, in whole or in part, that has been Allowed by Final Order.

**1.7     Assets**.  All rights, title, and interests of the Debtor in and to property of whatever type or nature, by whomsoever held.

**1.8     Avoidance Actions**.  All Causes of Action of the Debtor and its Estate to avoid or recover a transfer of property of the Estate or an interest of the Debtor in property, including, without limitation, actions arising under (i) sections 105, 502(d), 506(d), 510, 542 through 551, and 553 of the Bankruptcy Code or (ii) any other applicable similar state or federal law concerning the avoidance of fraudulent transfers, fraudulent conveyances, preferential transfers, or prohibited distributions, in each case, whether or not demand has been made or litigation has been commenced.

**1.9     Ballot**.  The form ballot for accepting or rejecting the Plan that has been approved by the Bankruptcy Court and distributed to Holders of Impaired Claims entitled to vote on the Plan.

**1.10    Bankruptcy Code**.  Title 11 of the United States Code (11 U.S.C. §§ 101-1532), as in effect on the Petition Date and as thereafter amended, if such amendments are made applicable to the Chapter 11 Case.

**1.11    Bankruptcy Court**.  The United States Bankruptcy Court for the District of Delaware, or in the event such court ceases to exercise jurisdiction over the Chapter 11 Case, such court or adjunct thereof that exercises jurisdiction over the Chapter 11 Case in lieu of the United States Bankruptcy Court for the District of Delaware.

**1.12    Bankruptcy Rules**.  The Federal Rules of Bankruptcy Procedure pursuant to Title 28 of the United States Code, 28 U.S.C. §§ 2075, as in effect as of the Petition Date and as may be amended and applicable to the Debtor and the Chapter 11 Case.

**1.13    BE Cap**.  The amount of $250,000.00, the maximum amount of the Allowed BE Claims to satisfy the conditions precedent to Confirmation of the Full Payout Plan.

**1.14    BE Claims**.  All Claims of BrightEdge against Debtor and claims and causes of action against Searchmetrics GmbH, including, but not limited to, the Patent Claims and the State Court Damages Claim, all causes of action, Claims, choses in action, actions, controversies, liabilities, obligations, rights, suits, damages, judgments and demands whatsoever, at law, in equity or mixed, whether on account of which a right to payment, injunction or equitable remedy may be determined or awarded in favor of BrightEdge, whether or not asserted, threatened, known, suspected, investigated, reduced to judgment, liquidated, fixed or contingent, matured, disputed, secured, whether asserted or capable of being asserted directly, indirectly, derivatively, or in any representative or other capacity, that exists as of the Petition Date or accrues on or before the Effective Date, based in whole or in part upon any act, failure to act, error, omission, transaction, transfer, incurrence, occurrence, or other event arising or occurring on or prior to the Petition Date or on or before the Effective Date.

**1.15    BrightEdge**.    BrightEdge Technologies, Inc., together with its parents, shareholders, subsidiaries, affiliates, successors and assigns, in such capacities.

**1.16    Budget**.  The Budget that is the Approved Budget (as defined in the DIP Financing Order) applicable on the Confirmation Date.

**1.17    Business Day**.  Any day except a Saturday, Sunday, or any day on which commercial banks in the States of Delaware, New York, or California are authorized or required by applicable law to close.

**1.18    Cash**.  Legal tender of the United States of America and equivalents thereof.

**1.19    Causes of Action**.  All causes of action, claims, choses in action, actions, Avoidance Actions, controversies, liabilities, obligations, rights, suits, damages, judgments and demands of the Debtor and its estate whatsoever, at law, in equity or mixed, whether on account of which a right to payment, injunction or equitable remedy may be determined or awarded, whether or not asserted, threatened, known, suspected, investigated, reduced to judgment, liquidated, fixed or contingent, matured, disputed, secured, whether asserted or capable of being asserted directly, indirectly, derivatively, or in any representative or other capacity, that exists as of the Petition Date or accrues on or before the Effective Date, based in whole or in part upon any act, failure to act, error, omission, transaction, transfer, incurrence, occurrence, or other event arising or occurring on or prior to the Petition Date or on or before the Effective Date.

**1.20    Chapter 11 Case**.  The bankruptcy case initiated by the Debtor's filing on the Petition Date of a voluntary petition for relief in the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

**1.21    Chief Restructuring Officer**.  Wayne P. Weitz, the Chief Restructuring Officer of the Debtor.

**1.22    Claim**.  A claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor.

**1.23    Claims and Noticing Agent**.  JND Corporate Restructuring, its successors and permitted assigns, in whatever capacity engaged in the Chapter 11 Case as approved by a Final Order.

**1.24    Claims Bar Date**.  The date by which Holders of Claims against the Debtor, including Claims arising under section 503(b)(9) of the Bankruptcy Code or other Administrative Expense Claim or Priority Claims, are required to file proofs of Claim, as established by a Final Order of the Bankruptcy Court; to wit: _____, 2017 respecting General Unsecured Claims and Claims entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code; and _____, 2017 respecting Claims of Governmental Units.

- 4 -

**1.25**    **Class**.  A Class into which similar Claims or Equity Interests are classified pursuant to the Plan.

**1.26**    **Claims Objection Deadline**.  Means the first Business Day that is at least ninety (90) days after the Confirmation Date, or such later date that the Bankruptcy Court may establish upon a motion by the Reorganized Debtor, which motion may be filed before or on such deadline and may be approved without a hearing and without notice to any Person.

**1.27**    **Claims Pool.**  A sum of money in the case of the New Value Plan equal to [TBD]

**1.28**    **Committee**.  Any official committee of creditors appointed in the Chapter 11 Case.

**1.29**    **Complaint**.  The *Complaint and Claim Objection* filed by Searchmetrics against BrightEdge commencing the Adversary Proceeding on the Petition Date.

**1.30**    **Confirmation**.  The entry of the Confirmation Order by the Bankruptcy Court approving and confirming the Plan and the transactions contemplated thereby.

**1.31**    **Confirmation Date**.  The date upon which the Confirmation Order is entered by the Bankruptcy Court.

**1.32**    **Confirmation Hearing**.  The hearing held by the Bankruptcy Court at which the Bankruptcy Court considers confirmation of the Plan, as such hearing may be adjourned or continued from time to time.

**1.33**    **Confirmation Order**.  The Order of the Bankruptcy Court confirming the Plan.

**1.34**    **Contract**.  Any executory contract or unexpired lease to which the Debtor is a party that is in the purview of section 365 of the Bankruptcy Code.

**1.35**    **Creditor**.  Holder of a Claim as of the Record Date.

**1.36**    **Cure Claim**.  Any Claim asserted in an amount equal to all unpaid monetary obligations, without interest, or such other amount as may be agreed to by the Debtor and a Contract counter-party, to the extent such obligations are enforceable under the Bankruptcy Code or other applicable law by the non-Debtor Contract counterparty in connection with the assumption or assignment of such Contract in accordance with section 365(b) of the Bankruptcy Code.

**1.37**    **Cure Notice**.  A notice of the potential assumption and assignment of a Contract reflecting the amount of a Cure Claim in connection with assumption of such Contract, which notice shall include (a) procedures for objecting to proposed assumption and assignment of Contracts, (b) Cure Claims to be paid in connection therewith, and (c) procedures for resolution by the Bankruptcy Court of any relate disputes.

**1.38    Debtor**.  Searchmetrics Inc.

**1.39    DIP Facility**.  The debtor in possession financing facility entered into between the DIP Lender and the Debtor.

**1.40    DIP Facility Claim**.  All Obligations of the Debtor and its Estate owing to the DIP Lender arising under, derived from, based upon, or relating to the DIP Facility, which shall be deemed to be an Allowed Secured Claim in the amount asserted by the DIP Lender under the Plan.

**1.41    DIP Lender**.  Searchmetrics GmbH or such other entity or person providing debtor in possession financing to the Debtor and their respective successors and assigns.

**1.42    Disallowed**.  With reference to any Claim, a determination by the Bankruptcy Court, including the Bar Date Order, or a provision in the Plan, that such Claim or portion thereof is not Allowed or is deemed to be barred.

**1.43    Disclosure Statement**.  The disclosure statement filed in support of this Plan, as the same may be amended, modified or supplemented (including all exhibits and schedules annexed thereto or referenced therein).

**1.44    Disclosure Statement Order**.  The Final Order of the Bankruptcy Court approving the Disclosure Statement and solicitation and voting procedures in connection with the Plan and scheduling the Confirmation Hearing.

**1.45    Disputed**.  Any Claim or Equity Interest, or any portion thereof, that is (a) disputed under the Plan, (b) scheduled by the Debtor as disputed, contingent, or unliquidated and as to which no Proof of Claim in a non-contingent, liquidated amount has been filed; (c) asserted in a Proof of Claim that, on its face, is contingent or unliquidated; (d) subject to a timely objection and/or request for estimation in accordance with section 502(c) of the Bankruptcy Code, which objection and/or request for estimation has not been withdrawn or determined by a Final Order, (e) improperly asserted, by the untimely or otherwise improper filing of a Proof of Claim, *provided*, *however*, that all such untimely or otherwise improperly filed Claims will become "Allowed" if the Debtor or other parties in interest fail to file an objection to such Disputed Claim by the Claims Objection Deadline, as may be extended from time to time, (f) subject of a matter or proceeding seeking to Disallow such Claim and the Claim or portion thereof is not Allowed by a Final Order, or (f) otherwise disputed by the Debtor or Reorganized Debtor or other party in interest in accordance with applicable law or contract, which dispute (i) has not been withdrawn, resolved, or overruled by a Final Order, and in respect of which Claim the Claims Objection Deadline has not expired or (ii) has been determined by a Final Order not Allowing such asserted Claim.  A Claim that is Disputed as to its amount shall not be Allowed in any amount for purposes of distribution until it is no longer a Disputed Claim.  The BE Claims are Disputed.

**1.46    Distribution**.  A distribution of Cash or other property pursuant to the Plan. Distributions shall be made in accordance with this Plan and after the intended recipient of a Distribution(s) provides the Debtor or the Reorganized Debtor, as applicable, with a completed form W-9, as applicable.  Any Distribution to the Holder of an Allowed Claim under this Plan

shall be net of any set-off amount of any Cause of Action that may be asserted by any Debtor against the Holder of such Claim.

**1.47    Distributor Agreement**.  That certain *Non-Exclusive Distributor Agreement*, dated as of February 28, 2017, between the Debtor and Searchmetrics GmbH.

**1.48    Effective Date**.  Shall be the first Business Day following the date that the (i) Confirmation Order is a Final Order, and (ii) the conditions precedent to the Effective Date are satisfied or waived.

**1.49    Entity**.  An entity as such term is defined in section 101(15) of the Bankruptcy Code.

**1.50    Equity Interests**.  The legal, equitable, contractual, or other rights of any Person with respect to the common stock of the Debtor.

**1.51    Estate**.  The estate created in the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

**1.52    First Day Declaration**.  The *Declaration of Wayne P. Weitz in Support of Chapter 11 Petition and First Day Pleadings*, filed on the Petition Date.

**1.53    Fee Claim**.  A Claim of a Professional for Professional Fees.

**1.54    Fee Claim Bar Date**.  The date that is forty-five (45) days after the Effective Date.

**1.55    Fee Claim Reserve**.  Means, with respect to Professional Fees, a reserve established and funded on the Effective Date for the benefit of the Professionals, to be held in a segregated account for the Professionals (the "**Fee Escrow Reserve Account**"), in the aggregate amount and for the payment, of all asserted or estimated accrued and unpaid Professional Fees that are or become Allowed Fee Claims, including the Holdback Amount, but not in an amount in excess of the Budget for Professional Fees.

**1.56    Final Decree**.  The Order entered pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1 closing the Chapter 11 Case.

**1.57    Final Order**.  An Order that has not been reversed, stayed, modified, or amended and as to which the time to appeal or seek certiorari or move for a new trial, reargument, or rehearing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument, or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely Filed has been withdrawn or resolved by the highest court to which the Order was appealed or from which certiorari was sought or the new trial, reargument or rehearing has been denied or resulted in no modification of such Order; *provided*, *however*, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of

civil procedure, may be filed with respect to such Order, shall not cause such Order not to be a Final Order.

**1.58    Forbearance Agreement**.  The *Forbearance and Support Agreement*, dated as of February 28, 2017, by and between the Debtor and Searchmetrics GmbH.

**1.59    Full Payout Plan**.  Refers to and is described in Section [___] of the Plan.

**1.60    General Unsecured Claim**.  A Claim against the Debtor or property of the Estate that is not a Secured Claim, an Administrative Expense Claim, a Priority Tax Claim, a Non-Tax Priority Claim, a Fee Claim, Litigation Claim, or an Equity Interest.

**1.61    General Unsecured Claims Reserve**.  Shall have the meaning set forth in Section [___] of the Plan.

**1.62    GmbH.** Searchmetrics GmbH, together with its equity holders, subsidiaries, affiliates, successors and assigns, but excluding the Debtor.

**1.63    GmbH Unsecured Claim**.  The General Unsecured Claims of GmbH against the Debtor that arose prior to the Petition Date in the aggregate amount of not less than €14,500,000, as of December 31, 2016.  The GmbH Unsecured Claim is an Allowed General Unsecured Claim.

**1.64    Holdback Amount**.  The sum of Professional Fees that are the subject of applications for allowance of Professional Fees on account of which amounts have been paid and the balance remains unpaid in accordance with an administrative fee Order in the Chapter 11 Case, which Order is docketed at number __.

**1.65    Holder**.  The Person that is the owner of record of a Claim or an Equity Interest, as applicable, as of the Record Date.

**1.66    Impaired**.  The Claims or Equity Interests that are impaired under the Plan.

**1.67    Impaired Classes**.  Class 4 (Litigation Claims), Class 5 (General Unsecured Claims), Class 6 (Equity Interests).

**1.68    Judicial Code**.  Means title 28 of the United States Code, 28 U.S.C. §§ 1-4001.

**1.69    Lien**.  A lien as defined in section 101(37) of the Bankruptcy Code.

**1.70    Local Rules**.  The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, as amended from time to time.

**1.71    New Value Plan**.  Refers to and is described in Section [___] of the Plan.

**1.72    Non-Tax Priority Claims**. Any Claim, other than an Administrative Expense Claim, a Fee Claim, a Priority Tax Claim, or a General Unsecured Claim, entitled to priority in payment as specified in section 507(a) of the Bankruptcy Code.

**1.73    Notice of Satisfaction**.  A notice to be filed by the Reorganized Debtor from time to time upon the satisfaction of Allowed Claims.

**1.74    Order**.  An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Case or the docket of any other court of competent jurisdiction.

**1.75    Patent Claims**.  The BE Claims asserted or that could have been asserted by BrightEdge against Searchmetrics in the Patent Litigation, including any and all Claims and claims for patent infringement, whether known or unknown, whether permissive or mandatory.

**1.76    Patents-In-Suit**.  The U.S. Patent Nos. 8,135,706; 8,478,700; 8,478,746; 8,577,863; and 8,671,089.

**1.77    Patent Litigation**.  The proceeding styled *BrightEdge Technologies, Inc. v. Searchmetrics GmbH, et al.* (N.D. Cal. 2014); Case No. 3:14cv1009.

**1.78    Person**.  An individual, Entity, limited liability company, corporation, partnership, association, trust or unincorporated organization, joint venture, or other person or a government or any agency or political subdivision thereof.

**1.79    Petition Date**.  May 8, 2017.

**1.80    Plan**.  The *Debtor's Chapter 11 Plan of Reorganization*, as the same may be amended or modified.

**1.81    Plan Documents**.  The documents that are filed prior to the Confirmation Hearing, including documents filed as part of one or more Plan Supplements, as each may be amended from time to time.

**1.82    Plan Supplement**.  The supplemental appendices to this Plan, which will contain, among other things, substantially final draft forms or signed copies, as the case may be, of the Plan Documents.

**1.83    Prepetition Secured Debt Facility**.  The secured loan provided by Searchmetrics GmbH to the Debtor in accordance with that certain *Loan and Security Agreement*, dated as of February 28, 2017.

**1.84    Priority Tax Claim**.  A Claim that is entitled to priority under section 507(a)(8) of the Bankruptcy Code.

**1.85    Professional**.  Any professional employed in the Chapter 11 Case pursuant to sections 327, 328, 330, or 1103 of the Bankruptcy Code or any professional or other Person seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to section 503(b)(4) of the Bankruptcy Code.

**1.86    Professional Fees**.  All accrued fees and expenses (including, without limitation, fees or expenses allowed or awarded by the Bankruptcy Court or any other court of competent

jurisdiction) for legal, financial advisory, accounting, and other services and reimbursement of expenses related thereto that are awardable and allowable under sections 328, 330(a), 331, 503(b), or 1103(a) of the Bankruptcy Code or otherwise and that are incurred (a) prior to the Effective Date or (b) thereafter in connection with (i) applications filed pursuant to section 330, 331, 503(b) or 1103(a) of the Bankruptcy Code, and (ii) motions seeking the enforcement of the provisions of the Plan or Confirmation Order or appeals relating thereto, by all Professionals retained in the Chapter 11 Case, except to the extent that (x) the Bankruptcy Court has disallowed or denied authority to pay or reimburse such fees and expenses by a Final Order or (y) any such fees and expenses have previously been paid, regardless of whether a fee application has been Filed for any such amount.  To the extent that any such fees or expenses are withdrawn by a Professional or denied by a Final Order, then any such amount shall no longer constitute Professional Fees.

     **1.87**    **Proof of Claim**.  A written proof of Claim filed against the Debtor in the Chapter 11 Case.

     **1.88**    **Record Date**.  The date on which the Bankruptcy Court enters the Disclosure Statement Order at 4:00 p.m. (prevailing Eastern Time).

     **1.89**    **Rejection Damages Bar Date**.  The date that is thirty (30) days after entry of an Order approving the rejection of a Contract, including the Confirmation Order.

     **1.90**    **Released Parties**.  Each of the Debtor and Searchmetrics GmbH, and each of their respective officers, directors, shareholders, employees, partners, advisors, attorneys, financial advisors, investment bankers, accountants, and other professionals and representatives, and each of their direct and indirect shareholders' and owners' respective officers, directors, members, employees, partners, managers, advisors, attorneys, financial advisors, investment bankers, accountants, and other professionals and representatives, and their respective successors and assigns, solely in such capacity.

     **1.91**    **Releasing Party**.  The Debtor and each Holder of an Unimpaired Claim and such Person's current affiliates, successors, assigns, subsidiaries, officers, directors, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, equity holders, partners, and other professionals, and each of their respective successors and assigns, solely in such capacity.

     **1.92**    **Reorganized Debtor**.  The Debtor, or any successor thereto by merger, consolidation, or otherwise, on or after the occurrence of the Effective Date.

     **1.93**    **Reserves**.  The Disputed Claims Reserve, the Administrative Expense Claims Reserve, and the Fee Claim Reserve.

     **1.94**    **Scheduled Claim**.  Any Claim set forth on the Schedules that is listed as not Disputed, not contingent and in a liquidated amount.

**1.95    Schedules**.  The Schedules of Assets and Liabilities filed by the Debtor, as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009.

**1.96    Searchmetrics**.  Searchmetrics, Inc. and Searchmetrics GmbH, together.

**1.97    Secured Claim**.  A Claim that is secured by a Lien on property in which the Debtor has an interest, which Lien is valid, perfected, and enforceable under applicable law or pursuant to a Final Order, or that is subject to set-off under section 553 of the Bankruptcy Code, to the extent of the value of the Creditor's interest in Debtor's interest in such property or to the extent of the amount subject to set-off, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code and other applicable law.

**1.98    State Court Damages Claim**.  The BE Claims asserted or that could have been asserted by BrightEdge against the Debtor or GmbH in the State Court Litigation, including any and all Claims and claims for damages, whether known or unknown, whether permissive or mandatory.

**1.99    State Court Litigation**.  The proceedings styled *BrightEdge Technologies, Inc. v. G. Martinez, et al.* (Cal. Sup. Ct. 2013); Case No. 1-13-CV 256794.

**1.100   Unclassified Claims**.  Claims that shall not be placed into a Class in accordance with section 1123(a)(1) of the Bankruptcy Code.  Unclassified Claims include Administrative Expense Claims and Fee Claims.

**1.101   Unimpaired**.  With respect to a Class of Claims or Equity Interests, any Class that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

**1.102   United States Trustee**.  The Office of the United States Trustee for the District of Delaware.

**1.103   Unsecured Loan Agreement**.  Means that certain *Intercompany Loan Agreement*, dated as of July 1, 2010, between the Debtor and Searchmetrics GmbH (as amended, modified, supplemented, restated, or replaced from time to time).

**1.104   U.S. Trustee Fees**.  The fees arising under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717.

**1.105   Voting Agent**.  JDN Corporate Restructuring.

**1.106   Voting Deadline**.  June ☐, 2017 at 4:00 p.m. (prevailing Eastern Time).

**B.    INTERPRETATION; APPLICATION OF DEFINITIONS AND RULES OF CONSTRUCTION.**
Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include both the singular and the plural and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter.  Unless otherwise specified, all section, article, schedule, or exhibit references in the Plan are to the respective Section in, Article of, Schedule to, or Exhibit to, the Plan.  The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section,

subsection, or clause contained in the Plan.  A term used herein that is not defined herein, but that is used in the Bankruptcy Code, shall have the meaning ascribed to that term in the Bankruptcy Code.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan.  To the extent there is any inconsistency between any of the provisions of this Plan and any of the provisions contained in the Plan Documents to be entered into as of the Effective Date, the Plan shall control.

**C.**　　**COMPUTATION OF TIME**.  Unless otherwise specifically stated herein, the provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

**D.**　　**APPENDICES AND PLAN DOCUMENTS**.  All Plan Documents and appendices to the Plan and the Plan Supplement(s) are incorporated into this Plan by reference and are a part of this Plan as if set forth in full herein.  The documents contained in the exhibits and the Plan Supplement(s) shall be approved by the Bankruptcy Court pursuant to the Confirmation Order.  Holders of Claims and Equity Interests may inspect a copy of the Plan Documents, once filed, in the Office of the Clerk of the Bankruptcy Court during normal business hours, or at the Claims and Noticing Agent's website, or obtain a copy of the Plan Documents by sending a written request to the following address:

> *Chipman Brown Cicero & Cole, LLP*
> Attn: William E. Chipman, Jr. and Mark D. Olivere
> Hercules Plaza
> 1313 North Market Street, Suite 5400
> Wilmington, Delaware 19801
> Telephone:　　(302) 295-0191
> Facsimile:　　(302) 295-0199
> Email:　　　　chipman@chipmanbrown.com
> 　　　　　　　olivere@chipmanbrown.com
> *Proposed Counsel for Debtor, Searchmetrics Inc.*

# ARTICLE II

## TREATMENT OF DIP FACILITY CLAIMS, ADMINISTRATIVE EXPENSE CLAIMS, AND FEE CLAIMS

In accordance with section 1123(a)(1) of the Bankruptcy Code, DIP Facility Claims, Administrative Claims, and Fee Claims are not classified.

(a)　　DIP Facility Claims.

As of the Effective Date, the DIP Facility Claims shall be Allowed and deemed to be Allowed Claims in the full amount outstanding under the DIP Facility, including principal, interest, fees, and expenses.  On the Effective Date, Holders of DIP Facility Claims shall receive equity in the Reorganized Debtor in consideration of the Releases granted to the Released Parties in accordance with Section ___ of the Plan.

       (b)     <u>Administrative Expense Claims</u>.

Except to the extent that any Person entitled to payment of an Allowed Administrative Expense Claim agrees to less favorable treatment, each Holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to such Allowed Administrative Expense Claim on, or as soon thereafter as is reasonably practicable, the later of five (5) Business Days following (a) the Effective Date, or (b) the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim.

       (c)     <u>Time for Filing Administrative Expense Claims</u>.

**HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS MUST SUBMIT TO THE CLAIMS AND NOTICING AGENT AND SERVE ON THE DEBTOR AND REORGANIZED DEBTOR AND THEIR COUNSEL, A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE EXPENSE CLAIM SO AS TO BE RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) ON THE DATE THAT IS THIRTY (30) DAYS AFTER SERVICE OF NOTICE OF OCCURRENCE OF THE EFFECTIVE DATE AND THE ADMINISTRATIVE EXPENSE CLAIM BAR DATE. THE ADMINISTRATIVE EXPENSE CLAIM BAR DATE DOES NOT APPLY TO HOLDERS OF: (A) A FEE CLAIM; (B) AN ADMINISTRATIVE EXPENSE CLAIM THAT HAS BEEN ALLOWED BY A SEPARATE ORDER OF THE BANKRUPTCY COURT; (C) A CLAIM FOR U.S. TRUSTEE FEES, OR (D) A CLAIM ARISING UNDER SECTION 503(b)(1)(D) OF THE BANKRUPTCY CODE. REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS MUST INCLUDE AT A MINIMUM: (I) THE NAME OF THE HOLDER OF THE ADMINISTRATIVE EXPENSE CLAIM; (II) THE AMOUNT OF THE ADMINISTRATIVE EXPENSE CLAIM ASSERTED; (III) THE BASIS OF THE ADMINISTRATIVE EXPENSE CLAIM; AND (IV) SUPPORTING DOCUMENTATION FOR THE ADMINISTRATIVE EXPENSE CLAIM. FAILURE TO FILE AND SERVE SUCH REQUEST TIMELY AND PROPERLY SHALL RESULT IN SUCH ADMINISTRATIVE EXPENSE CLAIM BEING FOREVER BARRED; *PROVIDED*, *HOWEVER*, THAT THE INTERNAL REVENUE SERVICE SHALL NOT BE REQUIRED TO FILE A PROOF OF CLAIM OR APPLICATION FOR ALLOWANCE OF ANY CLAIMS IDENTIFIED IN SECTIONS 503(b)(1)(B), (C) OR (D) OF THE BANKRUPTCY CODE.**

       (d)     <u>Fee Claims</u>.

**All Fee Claims must be filed and served on the Reorganized Debtor, its counsel, and the United States Trustee no later than forty-five (45) days after the Effective Date.** After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and Orders of the Bankruptcy Court in the Chapter 11 Case, the allowed amounts of such Fee Claims shall be determined by the Bankruptcy Court. **FAILURE TO FILE AND SERVE FINAL FEE APPLICATIONS TIMELY AND PROPERLY SHALL RESULT IN THE UNDERLYING FEE CLAIMS BEING FOREVER BARRED UNLESS OTHERWISE ORDERED BY THE BANKRUPTCY COURT.**

Objections to Fee Claims, if any, must be filed and served pursuant to the procedures set forth in the Confirmation Order no later than twenty (20) days after service of Fee Claim applications or such other date as may be established by the Bankruptcy Court.

(e)     Treatment of Fee Claims.

A Fee Claim in respect of which a final fee application has been timely filed and served pursuant to Section [___] of this Plan shall be payable to the extent approved by a Final Order of the Bankruptcy Court and not previously paid.  Professionals shall estimate in good faith the extent of their Fee Claims through the Effective Date and provide such estimates to the Debtor and its counsel not less than fourteen (14) days prior to the Confirmation Hearing.  Subject to the Holdback Amount, on the Effective Date, or as soon thereafter as reasonably practicable, to the extent not otherwise paid, all allowed Professional Fees shall be paid in full in Cash.

On the Effective Date, the Reorganized Debtor(s) shall fund the Fee Claim Reserve for payment of all fees that are estimated or are or become Allowed Fee Claims to the extent not otherwise paid, including the Holdback Amount.  Upon final allowance by the Bankruptcy Court of a Professional Fee, or entry of an earlier Order of the Bankruptcy Court granting a release of the Holdback Amount, any outstanding Fee Claims including the Holdback Amount shall be paid promptly and directly to the Professionals.

# ARTICLE III

## TREATMENT OF CLAIMS AND EQUITY INTERESTS

Claims, other than Administrative Expense Claims and Fee Claims are classified for all purposes, including voting, confirmation and Distribution pursuant to the Plan, as follows:

| ALTERNATIVE 1: FULL PAYOUT PLAN | | | | |
|---|---|---|---|---|
| Class | Description | Treatment | Entitled to Vote | Estimated Percentage Recovery |
| Class 1 | Priority Tax Claims | Unimpaired | No (*conclusively presumed to accept*) | 100% |
| Class 2 | Non-Tax Priority Claims | Unimpaired | No (*conclusively presumed to accept*) | 100% |
| Class 3 | Secured Claims | Unimpaired | No (*conclusively presumed to accept*)[3] | 100% |
| Class 4 | BE Claims | Impaired | Yes | 100% |
| Class 5 | General Unsecured Claims | Impaired | Yes | 100% |
| Class 6 | Equity Interests | Impaired | No (*deemed to accept*)[4] | 100% |

---

[3]   The Holders of Secured Claims are "insiders" under section 101 of the Bankruptcy Code and, therefore, pursuant to section 1129(a) of the Bankruptcy Code, votes of the Holders of Secured Claims will not be counted.

[4]   The Holders of Equity Interests in the Debtor are "insiders" under section 101 of the Bankruptcy Code and, therefore, pursuant to section 1129(a) of the Bankruptcy Code, votes of the Holders of Equity Interests will not be counted.

| ALTERNATIVE 2: NEW VALUE PLAN | | | | |
|---|---|---|---|---|
| **Class** | **Description** | **Treatment** | **Entitled to Vote** | **Estimated Percentage Recovery** |
| Class 1 | Priority Tax Claims | Unimpaired | No (*conclusively presumed to accept*) | 100% |
| Class 2 | Other Priority Claims | Unimpaired | No (*conclusively presumed to accept*) | 100% |
| Class 3 | Secured Claims | Unimpaired | No (*conclusively presumed to accept*)[5] | 100% |
| Class 4 | BE Claims | Impaired | Yes | Pro Rata Distribution TBD |
| Class 5 | General Unsecured Claims | Impaired | Yes | Pro Rata Distribution TBD |
| Class 6 | Equity Interests | Impaired | No (*deemed to accept*)[6] | TBD[7] |

# ARTICLE IV

# TREATMENT OF CLAIMS AND EQUITY INTERESTS

## TREATMENT OF CLASSIFIED CLAIMS UNDER ALTERNATIVE 1: FULL PAYOUT PLAN

**4.1    Class 1: Priority Tax Claims.**

(a)    <u>Impairment and Voting</u>.  Class 1 is unimpaired by the Plan.  Each Holder of an Allowed Priority Tax Claim is not entitled to vote to accept or reject the Plan because it is unimpaired and conclusively deemed to accept the Plan, pursuant to section 1126(f) of the Bankruptcy Code.

---

[5]    The Holders of Secured Claims are "insiders" under section 101 of the Bankruptcy Code and, therefore, pursuant to section 1129(a) of the Bankruptcy Code, votes of the Holders of Secured Claims will not be counted.

[6]    The Holders of Equity Interests in the Debtor are "insiders" under section 101 of the Bankruptcy Code and, therefore, pursuant to section 1129(a) of the Bankruptcy Code, votes of the Holders of Equity Interests will not be counted.

[7]    The approximate recovery percentage identified for Equity Interests is based on the Debtor's best estimate of the aggregate amount of the General Unsecured Claims ultimately Allowed upon conclusion of the Claims reconciliation and objection process, and after payment of expenses, including administrative expenses, accrued during the pendency of the Chapter 11 Case.  Accordingly, actual recoveries may be less as they are subject to a number of factors, including, but not limited to, the successful prosecution of certain objections to Claims.

(b)    <u>Treatment</u>.  Except to the extent that a Holder of an Allowed Priority Tax Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed Priority Tax Claim shall receive Cash in an amount equal to such Allowed Priority Tax Claim on the later of fifteen (15) Business Days following (a) the Effective Date or (b) the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon thereafter as is practicable or (c) in sixty (60) equal monthly payments with interest at the applicable statutory rate, at the Debtor's election.

### 4.2    <u>Class 2: Non-Tax Priority Claims</u>.

(a)    <u>Impairment and Voting</u>.  Class 2 is unimpaired by the Plan.  Each Holder of an Allowed Non-Tax Priority Claim is not entitled to vote to accept or reject the Plan because it is unimpaired and conclusively deemed to accept the Plan, pursuant to section 1126(f) of the Bankruptcy Code.

(b)    <u>Treatment</u>.  Except to the extent that a Holder of an Allowed Non-Tax Priority Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed Non-Tax Priority Claim shall receive Cash in an amount equal to such Allowed Non-Tax Priority Claim on the later of fifteen (15) Business Days following (a) the Effective Date or (b) the date such Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim, or as soon thereafter as is practicable.

### 4.3    <u>Class 3:  Secured Claims</u>.

(a)    <u>Impairment and Voting</u>.  Class 3 is unimpaired by the Plan.  Each Holder of an Allowed Secured Claim is not entitled to vote to accept or reject the Plan because it is unimpaired and conclusively deemed to accept the Plan, pursuant to section 1126(f) of the Bankruptcy Code.

(b)    <u>Treatment</u>.  Except to the extent that a Holder of an Allowed Secured Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed Secured Claim shall receive, at the Reorganized Debtor's election, Cash in an amount equal to such Allowed Secured Claim, or the property securing such Allowed Secured Claim, or reinstatement of Allowed Secured Claim, on the later of fifteen (15) Business Days following (a) the Effective Date or (b) the date such Allowed Other Secured Claim becomes an Allowed Other Secured Claim, or as soon thereafter as is practicable.  Searchmetrics GmbH, as the Holder of an Allowed Secured Claim shall receive equity in the Reorganized Debtor in consideration of the Releases granted to the Released Parties in accordance with Section __ of the Plan.

### 4.4    <u>Class 4A:  BE Claims</u>.

(a)    <u>Impairment and Voting</u>.  Class 4A is impaired by the Plan.  Each Holder of an Allowed BE Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Except to the extent that a Holder of a BE Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed BE Claim in an amount estimated by the Bankruptcy Court,

or an amount agreed to by the Debtor and BrightEdge, shall receive Cash in an amount equal to such Allowed BE Claim payable in four (4) equal quarterly payments with interest accruing on the unpaid amount of the Allowed BE Claims at the rate of [_____] per annum with the first quarterly payment of principal and interest coming due on the first day of the fourth (4th) month following the month in which the Effective Date occurs and each of the second, third and fourth and final quarterly payments of equal principal and accrued interest coming due on the first day of the seventh (7th), tenth (10th) and thirteenth (13th) month following the month in which the Effective Date occurs, respectively, in full and final satisfaction of all such Allowed Claims. The Reorganized Debtor may prepay the Allowed BE Claim in whole or in part without penalty or premium.

4.5    <u>**Class 5A: General Unsecured Claims**</u>.

(a)    <u>Impairment and Voting</u>. Class 5A is impaired by the Plan. Each Holder of an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>. Except to the extent that a Holder of a General Unsecured Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed General Unsecured Claim shall receive Cash in an amount equal to such Allowed General Unsecured Claim payable in four (4) equal quarterly payments with interest accruing on the unpaid amount of the Allowed General Unsecured Claims at the rate of [_____] per annum with the first quarterly payment of principal and interest coming due on the first day of the fourth (4th) month following the month in which the Effective Date occurs and each of the second, third and fourth and final quarterly payments of equal principal and accrued interest coming due on the first day of the seventh (7th), tenth (10th) and thirteenth (13th) month following the month in which the Effective Date occurs, respectively, in full and final satisfaction of all such Allowed Claims. The Reorganized Debtor may prepay any Allowed General Unsecured Claim in whole or in part without penalty or premium.

4.6    <u>**Class 6: Equity Interests**</u>.

(a)    <u>Impairment and Voting</u>. Class 6 is impaired by the Plan. Holders of Equity Interests are not entitled to vote to accept or reject the Plan.

(b)    <u>Distributions</u>. On the Effective Date, all Equity Interests in the Debtor shall be reinstated.

**TREATMENT OF IMPAIRED CLAIMS UNDER ALTERATIVE 2: NEW VALUE PLAN**

4.7    <u>**Class 4B:  BE Claims**</u>.

(a)    <u>Impairment and Voting</u>. Class 4B is impaired by the Plan. Each Holder of an Allowed BE Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>. Except to the extent that a Holder of a BE Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed BE Claim in an amount estimated by the Bankruptcy Court, or an amount agreed to by the Debtor and BrightEdge, shall receive Cash in an amount equal its

pro rata share (the denominator of which shall equal the sum of all Allowed BE Claims and all Allowed General Unsecured Claims) of the Claims Pool on the later of fifteen (15) Business Days following the Effective Date or as soon thereafter as is practicable, in full and final satisfaction of all such Allowed Claims.

**4.8**    **Class 5B: General Unsecured Claims**.

(a)    <u>Impairment and Voting</u>.  Class 5B is impaired by the Plan.  Each Holder of an Allowed General Unsecured Claim is entitled to vote to accept or reject the Plan.

(b)    <u>Treatment</u>.  Except to the extent that a Holder of a General Unsecured Claim has been paid by the Debtor prior to the Effective Date or agrees to different treatment more favorable to the Debtor, each Holder of an Allowed General Unsecured Claim shall receive Cash in an amount equal its pro rata share (the denominator of which shall equal the sum of all Allowed BE Claims and all Allowed General Unsecured Claims) of the Claims Pool on the later of fifteen (15) Business Days following (a) the Effective Date, or (b) the date such General Unsecured Claim becomes an Allowed General Unsecured Claim, or (c) or as soon thereafter as is practicable, in full and final satisfaction of all such Allowed Claims.

IMPLEMENTATION OF THE PLAN

**4.9**    **Sources of consideration for distributions under the plan**.

Searchmetrics GmbH has committed to fund the Plan in an amount sufficient (a) to pay all Allowed Claims in full in the case of the Pay in Full Plan, or (b) fund the Claims Pool in the case of the New Value Plan.  The Debtor will pursue Confirmation of the Plan – Pay in Full Plan or New Value Plan - upon the Bankruptcy Court's estimation of the extent of the Allowed BE Claim.  If the Allowed BE Claim equals or is less than the BE Cap, then the Debtor shall pursue Confirmation of the Pay in Full Plan (treatment afforded to Classes 4A and 5A).  Alternatively, if the Allowed BE Claim is greater than the BE Cap, then either (y) the Debtor and Searchmetrics GmbH may elect to waive the BE Cap contingency and pursue Confirmation of the Pay in Full Plan (treatment afforded to Classes 4A and 5A), or (z) the Debtor shall pursue Confirmation of the New Value Plan (treatment afforded to Classes 4B and 5B).

**4.10**    **Vesting of Assets**.

Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated in the Plan, on the Effective Date, all property in the Estate, all Causes of Action, and any property acquired by the Debtor pursuant to the Plan shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges, or other encumbrances.  On or after the Effective Date, except as otherwise provided in the Plan, the Reorganized Debtor may operate its business and may use, acquire, or dispose of property and compromise or settle any Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code and Bankruptcy Rules.

**4.11    Retention of Causes of Actions/Reservation of Rights**.

Nothing contained herein or in the Confirmation Order shall be deemed a waiver or relinquishment of Causes of Action, or other legal or equitable defenses that the Debtor had immediately prior to the Effective Date in accordance with any provision of the Bankruptcy Code or any applicable non-bankruptcy law. The Debtor and the Reorganized Debtor, as applicable, shall have, retain, reserve, and be entitled to assert all such Causes of Action, or other legal or equitable defenses as fully as if the Chapter 11 Case had not been commenced, and all of the Debtor's legal and/or equitable rights respecting any Claim left Unimpaired may be asserted after the Confirmation Date to the same extent as if the Chapter 11 Case had not been commenced.

**4.12    Approval of Plan Documents**.

Entry of the Confirmation Order shall constitute approval of the Plan Documents and transactions contemplated or to be implemented thereby. On the Confirmation Date, the Reorganized Debtor shall be authorized to enter into, file, execute, and/or deliver each of the Plan Documents and any other agreement or instrument issued in connection with any Plan Document without the necessity of any further corporate, board, or shareholder action.

**4.13    Plan Supplement/Exhibits/Schedules**.

The Plan Supplement(s), and all exhibits and schedules to the Plan, are incorporated hereto in full and constitute a part of the Plan as if set forth herein.

**4.14    Director and Officer Liability Insurance; Other Insurance**.

On the Effective Date, all Contracts and all non-executory rights pertaining to insurance shall vest in the Reorganized Debtor. After the Effective date until all Allowed Claims have received in full the treatment afforded under the Plan, the Reorganized Debtor shall not terminate or otherwise reduce the coverage under the Debtor's liability policies (*i.e.*, directors' and officers' insurance coverage that extends beyond the end of the policy period) in effect and all directors and officers of the Debtor, who served in such capacity at any time prior to the Effective Date of the Plan shall be entitled to the full benefits of any such policy for the full term of such policy regardless of whether such directors or officers remain in such positions after the Effective Date.

The Debtor will maintain, and to the extent applicable, assume the directors' and officers', general liability, and other insurance policies. The Debtor will list all current year insurance policies in the Plan Supplement(s).

**4.15    Plan Governs**.

The terms of this Plan and any Plan Supplement(s) shall govern in the event of any inconsistency between the Plan or the Disclosure Statement.

## ARTICLE V

## CORPORATE GOVERNANCE AND
## MANAGEMENT OF REORGANIZED DEBTOR

**5.1** **Corporate Action and Post-Effective Date Governance**.

All matters provided for under the Plan that would otherwise require approval of the stockholders, directors or officers of the Debtor or Reorganized Debtor, including (i) the effectiveness of the certificates of incorporation and by-laws of the Reorganized Debtor, (ii) the election or appointment, as the case may be, of directors and officers of the Reorganized Debtor, and (iii) qualification of the Reorganized Debtor as a foreign corporation wherever the conduct of business by the Reorganized Debtor requires such qualification, will be deemed to have occurred and will be in effect from and after the Effective Date pursuant to Section 303 of the Delaware General Corporation Law, without any requirement of further action by the stockholders, directors or officers of the Debtor or Reorganized Debtor.  On the Effective Date, or as soon thereafter as is practicable, the Reorganized Debtor shall, if required, file its amended certificate of incorporation with the Secretary of State of the state in which each such entity is (or will be) incorporated, in accordance with the applicable general corporation law of each such state.

**5.2** **New Organizational Documents**.

After the Effective Date, the Debtor may amend and restate its organizational documents and other constituent documents as permitted by applicable law, and any such action shall be deemed to have occurred and be in effect on the Effective Date.

**5.3** **Officers and Boards of Directors**.

Effective immediately following the Effective Date, (a) the engagement of the Chief Restructuring Officer shall terminate and the Chief Restructuring Officer shall be deemed to resign and (b) _____ and _____ shall be appointed officers of the Debtor and to the board of the Debtor, respectively.

**5.4** **Section 1146 Exemption**.

Pursuant to section 1146 of the Bankruptcy Code, any transfers of property pursuant to this Plan shall not be subject to any document recording tax, stamp tax, conveyance free, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local government officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

# ARTICLE VI

## PROVISIONS REGARDING
## DISTRIBUTIONS UNDER THE PLAN

### 6.1    Distributions Generally.

Pursuant to the terms and provisions of the Plan, the Reorganized Debtor shall make payments on account of Allowed Claims as specified in the Plan.  Any payment of Cash made by the Reorganized Debtor under the Plan shall, at the Reorganized Debtor's option and subject to the foregoing, be made by check drawn on a domestic bank or wire transfer.  No Distributions shall be made to Holder of an Allowed Claim unless such Holder provides to the Reorganized Debtor a completed IRS Form W-9.  The Debtor and the Reorganized Debtor shall not be obligated to withhold taxes from or on account of any Distribution.

Periodically, the Reorganized Debtor shall file a Notice of Satisfaction with respect to all Allowed General Unsecured Claims that are paid on or following the Effective Date.

### 6.2    Timing of Distributions.

In the event that any payment, Distribution, or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or Distribution or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.  Any requirement under the Plan that the Reorganized Debtor makes a payment or Distribution on a date shall mean that such party is required to commence the process of making a payment or Distribution on such date or as soon as reasonably practicable thereafter.

### 6.3    Distribution to Address of Record.

Subject to Bankruptcy Rule 9010, all Distributions under the Plan to Holders of Allowed Claims shall be made to the Holder of each Allowed Claim at the address of such Holder as listed on the Schedules, unless the Debtor or, on and after the Effective Date, the Reorganized Debtor, has been notified in writing of a change of address, including, without limitation, by the timely filing of a Proof of Claim or notice of transfer of Claim by such Holder that provides an address for such Holder different from the address reflected on the Schedules.  In the event that any Distribution to any such Holder is returned as undeliverable, no Distribution to such Holder shall be made unless and until the Debtor or, on and after the Effective Date, the Reorganized Debtor, has been notified of the then current address of such Holder, at which time or as soon as reasonably practicable thereafter, such Distribution shall be made to such Holder without interest; *provided*, *however*, that, at the later of the expiration of one (1) year from the Effective Date and the date a Claim becomes an Allowed Claim, such Distributions shall be deemed unclaimed property and shall revest in the Reorganized Debtor.

**6.4**     **Unclaimed Distributions**.

All Distributions to Holders of Allowed Claims under the Plan that are unclaimed for a period of one (1) year after Distribution thereof shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code, and any entitlement of any Holder of any Claim to such Distributions shall be extinguished and forever barred. All such unclaimed property shall revest in the Reorganized Debtor.

**6.5**     **Set-offs**.

The Reorganized Debtor may, but shall not be required to, set-off against any Claim (for purposes of determining the net Allowed amount of such Claim on which Distribution shall be made), any Causes of Action of any nature whatsoever that the Debtor or Reorganized Debtor may hold against the Holder of such Claim; *provided*, *however*, that neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any such Causes of Action that the Debtor or the Reorganized Debtor may have against the Holder of such Claim.

**6.6**     **Allocation of Plan Distributions Between Principal and Interest**.

Except to the extent the Plan provides otherwise, to the extent that any Allowed Claim entitled to a Distribution under the Plan comprises principal and accrued but unpaid interest thereon, such Distribution shall be allocated first to the principal amount of the Claim (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid interest.

**6.7**     **Estimation of Claims; Certain Reserves; Liquidation of Claims Reserves**.

(a)     <u>Estimation of General Unsecured Claims</u>.

Except to the extent the Plan provides otherwise, for purposes of calculating and making distributions under the Plan with respect to General Unsecured Claims, pursuant to section 502(c) of the Bankruptcy Code, the Debtor or the Reorganized Debtor shall be entitled to estimate, in good faith and with due regard to litigation risks associated with Disputed Claims, the maximum dollar amount of Allowed and Disputed Claims, inclusive of contingent and/or unliquidated Claims in a particular class. The Reorganized Debtor shall be entitled to seek one or more estimation orders from the Bankruptcy Court for such purposes, which requests may be joined with objections to the Claims that are subject to any such request. Appropriate Disputed Claims reserves shall be established for each category of Claims as to which estimates are utilized or sought.

(b)     <u>Establishment of Reserves</u>.

*(1)*     *Establishment of Reserve for Disputed Claims.*

On the Effective Date, the Reorganized Debtors shall establish a Disputed Claims Reserve, which shall be in the aggregate amount of the extent of the Claims asserted by the Holders of Disputed Claims.

(2)    *Establishment of Administrative Expense Claims Reserve.*

On the Effective Date, the Reorganized Debtor shall establish an Administrative Expense Claims Reserve in the aggregate amount of [$_____], which Administrative Claims shall not include Fee Claims.

(3)    *Establishment of Fee Claim Reserve.*

On the Effective Date, the Reorganized Debtor shall establish a Fee Claim Reserve in the aggregate amount of the sum of the Hold Back, plus the reasonable estimate of fees and expenses for periods that will not have been billed as of the Effective Date. The Fee Claim Reserve shall not constitute a cap on Professional Fees and may be amended upward in the discretion of the Debtor or Reorganized Debtor, as necessary.

(c)    Liquidation of Reserves.

Immediately following the liquidation, satisfaction, disallowance, or other disposition, as appropriate, of one or more of the Claims in any of the Reserves, the funds relating to such Claims shall be Distributed to the Holder of such Claim that becomes an Allowed Claim and any excess of such reserve pertaining to such Claim shall revert to the Reorganized Debtor without further approval of the Bankruptcy Court. To the extent that any excess amounts remain in the Reserves at the closing the Chapter 11 Case, such funds shall be distributed to holders of Equity Interests.

## 6.8    **Non-Recourse**.

Notwithstanding that the Allowed amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is Allowed in an amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to that received by other Holders of Allowed Claims in the respective Class, no Claim Holder shall have recourse against the Debtor or the Reorganized Debtor, or any of their respective professionals, consultants, officers, directors, employees, or their successors or assigns, or any of their respective property. However, nothing in the Plan shall modify any right of a Holder of a Claim under section 502(j) of the Bankruptcy Code, nor shall it modify or limit the ability of claimants (if any) to seek disgorgement to remedy any unequal distribution from parties other than those released under Article **[___]** of the Plan. THE ESTIMATION OF CLAIMS AND THE ESTABLISHMENT OF RESERVES UNDER THE PLAN MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS.

## 6.9    **Withholding and Reporting Requirements**.

In connection with the Plan and all Distributions thereunder, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and no Distributions under the Plan shall be subject to any such withholding and reporting requirements. The Reorganized Debtor shall be authorized to take any and all actions that may be necessary or appropriate to comply with such reporting requirements,

including, without limitation, establishing a mechanism the Reorganized Debtor believes is reasonable and appropriate, including requiring a Holder of a Claim to submit appropriate tax and withholding certifications.  Notwithstanding any other provision of the Plan, (a) each Holder of an Allowed Claim or Equity Interest that is to receive a distribution under the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations on account of such distribution, and (b) no Distributions shall be required to be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has provided to the Reorganized Debtor a completed and signed IRS Form W-9 and made arrangements satisfactory to the Reorganized Debtor for the payment and satisfaction of such tax obligations or has, to the Reorganized Debtor's satisfaction, established an exemption therefrom.

# ARTICLE VII

## PROCEDURES RELATED TO DISPUTED CLAIMS

### 7.1    Allowance of Claims.

After the Effective Date, the Reorganized Debtor shall have and retain any and all rights and defenses the Debtor had with respect to any Claim or Equity Interest immediately before the Effective Date.

### 7.2    Objections to Administrative Expense Claims and Claims.

For the avoidance of doubt, this Section 7.2 of the Plan does not apply to Fee Claims.   Any objections to Administrative Expense Claims and Claims shall be filed and served on or before the later of (i) ninety (90) days after the Confirmation Date and (ii) such later date as may be fixed by the Bankruptcy Court.  The Debtor and the Reorganized Debtor shall be entitled to file motions to extend the initial deadline to object to Administrative Expense Claims and Claims and the Bankruptcy Court may enter an Order approving such motion without further notice or a hearing.

No objection shall be required with respect to a Proof of Claim or proof of Administrative Expense Claim Filed after the applicable Bar Date, and any and all such Claims and Administrative Expense Claims shall be deemed Disallowed unless otherwise ordered by the Bankruptcy Court after notice and a hearing.

### 7.3    Amendments to Claims.

After the Confirmation Date, a Proof of Claim or Administrative Expense Claim may not be amended to increase the amount of the Claim or elevate the priority of the Claim without the authorization of the Bankruptcy Court.  Any amendment to a Proof of Claim or Administrative Expense Claim submitted after the Confirmation Date shall be deemed Disallowed in full and expunged, unless the Holder of the Claim or Administrative Expense Claim has obtained prior Bankruptcy Court authorization to file the amendment.  After the Effective Date, upon the satisfaction of Allowed Claims, the Reorganized Debtor shall periodically file (and serve on the

affected parties) a Notice of Satisfaction. The Debtor shall not be required to file further amendments its Schedules after the Confirmation Date.

**7.4**     **No Distributions Pending Allowance**.

Notwithstanding any other provision of the Plan, if any portion of a Claim or Administrative Expense Claim is Disputed, no payment or Distribution provided under the Plan shall be required to be made on account of such Claim or Administrative Expense Claim unless and until such Disputed Claim or Disputed Administrative Expense Claim becomes an Allowed Claim in whole or in part.

**7.5**     **Resolution of Disputed Claims**.

On and after the Effective Date, the Reorganized Debtor shall have the authority to compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims without approval of the Bankruptcy Court.

**7.6**     **Disallowance of Claims.**

Except as otherwise provided herein, any Claims held by Entities from which property is recoverable under section 542, 543, 550, or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be Disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims may not receive any Distributions on account of such Claims until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court Order with respect thereto has been entered and all sums due, if any, to the Debtor by that Entity have been turned over and paid to the Reorganized Debtor.

## ARTICLE VIII

### EFFECT OF CONFIRMATION & INDEMNIFICATION, RELEASE, INJUNCTIVE AND RELATED PROVISIONS

**8.1**     **Binding Effect**.

From and after the Confirmation Date, but subject to the occurrence of the Effective Date, the Plan shall be binding and inure to the benefit of the Debtor, all present and former Holders of Claims and Equity Interests, and their respective assigns, including the Reorganized Debtor.

**8.2**     **Term of Pre-Confirmation Injunctions or Stays**.

Unless otherwise provided in the Plan, the Confirmation Order, or a separate order from the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Case in accordance with sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the later of the Effective Date and the date indicated in such applicable order.

8.3     **Discharge of Claims**.

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the Distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, and Equity Interests of any nature whatsoever, including any interest accrued on Claims or Equity Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Equity Interests in, the Debtor or any of its assets or property, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interest, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability to the extent such Claims or Equity Interests relate to services performed by the Debtor before the Effective Date, any liability to the extent such Claims or Equity Interests relate to services performed by employees of the Debtor before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Equity Interest based upon such debt, right, or Equity Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such Claim or Equity Interest has accepted the Plan.  Subject to the provisions of Article [  ] hereof with respect to Contracts, any default or "event of default" by the Debtor with respect to any Claim or Equity Interest that existed immediately before or on account of the filing of the Chapter 11 Case shall be deemed cured (and no longer continuing) as of the Effective Date.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring, except as otherwise expressly provided in the Plan.

8.4     **Injunction Against Interference with Plan**.

Upon the entry of the Confirmation Order, all Holders of Claims and Equity Interests and other parties in interest, along with their respective present or former affiliates, employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan or occurrence of the Effective Date.

8.5     **Injunction**.

Except as otherwise expressly provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Liens, Claims, liabilities or encumbrances against or Equity Interests in, the Debtor or the Estate, along with their respective present or former employees, agents, officers, directors, or principals and their respective successors and assigns, are permanently enjoined, with respect to any such Liens, Claims, liabilities or encumbrances or Equity Interests, as of the Confirmation Date but subject to the occurrence of the Effective Date, from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, the Reorganized Debtor, the Estate, Searchmetrics GmbH or any of their

- 27 -

respective property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtor, the Reorganized Debtor, Searchmetrics GmbH or the Estate or any of their respective property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Reorganized Debtor, Searchmetrics GmbH or the Estate or any of their respective property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons, or any property of such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; (v) asserting any right of set-off (except to the extent timely asserted prior to the Confirmation Date), or subrogation of any kind against any obligation due from the Debtor, the Reorganized Debtor, the Estate or any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons, or any property of such transferee or successor; (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, further, that the Releasing Parties are, with respect to Claims or Equity Interests held by such parties, permanently enjoined after the Confirmation Date from taking any actions referred to in clauses (i) through (vi) above against the Released Parties or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the Released Parties or any property of any such transferee or successor; provided, however, that nothing contained herein shall preclude any Person from exercising its rights, or obtaining benefits, directly and expressly provided to such entity pursuant to and consistent with the terms of the Plan or the Plan Supplement.

All Persons releasing Claims pursuant to Article **[___]** of the Plan shall be permanently enjoined, from and after the Confirmation Date, from taking any actions referred to in clauses (i) through (vi) of the immediately preceding paragraph against any party with respect to any Claim released pursuant to Article **[___]** of the Plan.

**8.6** **Releases**.

The Debtor is seeking approval in the Plan of the releases set forth below. The releases set forth below and in Article **[___]** of the Plan are justified because of the substantial contribution the Released Parties made to the success of this Chapter 11 Case including, but not limited to, negotiating and promoting a Plan that envisions a 100% payout on all claims, negotiating and entering into the Forbearance Agreement, through which Searchmetrics GmbH waived existing, long-standing defaults under the framework purchase agreement and the unsecured loan facility, Searchmetrics GmbH has agreed to provide financing, including the DIP Facility, to fund this Chapter 11 Case, and in the event of a New Value Plan, Searchmetrics GmbH will be providing actual value to be distributed to creditors of the Debtor.

(a) <u>Releases by the Debtor</u>. Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, the Debtor and Reorganized Debtor, in their

- 28 -

individual capacities, shall be deemed to forever release and waive all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, which are based in whole or in part on any act, omission, transaction, event or other occurrence taking place through and including the Effective Date in any way relating to the Debtor, the Reorganized Debtor, the Chapter 11 Case, the Plan or this Disclosure Statement, and that could have been asserted by or on behalf of the Debtor, or the Reorganized Debtor, whether directly, indirectly, derivatively or in any representative or any other capacity against the Released Parties in their respective capacities as such, *provided*, *however*, that in no event shall anything in Article [___] of the Plan be construed as a release of any Person's fraud, willful misconduct or gross negligence, or a release or waiver of the Debtor's or Reorganized Debtor's right or ability to assert or raise certain claims against any Released Party as defense to a claim or suit brought against them or their assets by any Released Party.

(b)     Releases by Holders of Claims and Equity Interests.  Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, to the fullest extent permissible under applicable law as determined by the Bankruptcy Court, as such law may be extended or interpreted subsequent to the Effective Date, all Holders of Claims and Equity Interests, in consideration for the obligations of the Debtor and the Reorganized Debtor under the Plan, and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, and each entity (other than the Debtor) that has held, holds or may hold a Claim, as applicable, will be deemed to have consented to the Plan for all purposes and the restructuring embodied in the Plan and will be deemed to forever release, and waive all claims, demands, debts, rights, causes of action or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including, without limitation, any Claims for any such loss holder may suffer, have suffered or be alleged to suffer as a result of the Debtor's commencing the Chapter 11 Case or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence from the beginning of time through and including the Effective Date in any way relating to the Debtor, the Chapter 11 Case, the Plan, or the Disclosure Statement against the Released Parties in their respective capacities as such.[8]

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in Article [___] of the Plan pursuant to Bankruptcy Rule 9019 and its finding that they are: (a) in exchange for good and valuable consideration, representing a good faith settlement and compromise of the Claims and Causes of Action thereby released; (b) in the best interests of the Debtor and all Holders of Claims; (c) fair, equitable and reasonable; (d) approved after due notice and opportunity for hearing; and (e) a bar to any of the Debtor or Releasing Parties asserting any Claim or Cause of Action thereby released.

**8.7**     **Exculpation and Limitation of Liability**.

None of the Debtor, the Reorganized Debtor, or any of their respective current or former members, partners, officers, directors, employees, advisors, professionals, affiliates, or agents and advisors of any of the foregoing (including any attorneys, financial advisors, investment bankers and other professionals retained by such Persons, but solely in their capacities as such) shall have or incur any liability to any Holder of any Claim or Equity Interest for any act or omission in connection with, related to, or arising out of the Chapter 11 Case, the negotiation and execution of the Plan, the Disclosure Statement, pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, and the property to be distributed under the Plan, including all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all prepetition activities leading to the promulgation and confirmation of the Plan except fraud, willful misconduct or gross negligence as determined by a Final Order.  Nothing in Article [___] of the Plan shall: (i) be construed as a release of any entity's fraud, gross negligence or willful misconduct with respect to matters set forth in Article [___] of the Plan, or (ii) be construed as a release or waiver of the Debtor's or Reorganized Debtor's right or ability to assert or raise certain claims against any party as a defense to a claim or suit brought against them by such party.

**8.8**     **Injunction Related to Releases and Exculpation**.

The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released pursuant to the Plan, including the Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released in Article [___] of the Plan.

**8.9**     **Releases of Liens and Encumbrances**.

(a)     To the extent any liens or encumbrance remain on the Debtor's assets as of the Effective Date: (w) any Claim that is purportedly secured or (y) any judgment, personal property, or ad valorem tax, or other tax of any kind or character, mechanic's or similar lien Claim, in each case regardless of whether such Claim is an Allowed Claim, shall, regardless of whether such Claim has been scheduled or proof of such Claim has been Filed:

        (i)     shall automatically, and without further action by the Debtor or the Reorganized Debtor, be deemed released immediately upon the occurrence of the Effective Date, and without further action by the Debtor or Reorganized Debtor, be deemed released;

        (ii)     the holder of any such lien or encumbrance shall execute such documents and instruments as the Reorganized Debtor requires to evidence such Claim Holder's release of such property or lien or encumbrance, and if such Holder refuses to execute appropriate documents or instruments, the Debtor or the Reorganized Debtor, as applicable and in their respective discretion, file a copy of the Confirmation Order in the appropriate recording office, which shall serve to release any Claim Holder's rights in such property;

(iii)    on the Effective Date, except as expressly provided in the Plan, all right, title, and interest in Estate property subject to a lien or an encumbrance immediately prior to the Effective Date shall revert to the Estate.

**8.10    Satisfaction of Subordination Rights**.

All Claims against the Debtor and all rights and Claims between or among Holders of Claims relating in any manner whatsoever to Claims against the Debtor, based upon any claimed subordination rights (if any), shall be deemed satisfied by the Distributions under the Plan, and such subordination rights shall be deemed waived, released, and terminated as of the Effective Date.

# ARTICLE IX

# TREATMENT OF CONTRACTS

**9.1    Assumption and Rejection of Contracts**.

On the Effective Date, except as otherwise provided herein, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, Contracts shall be deemed assumed as of the Effective Date, unless such Contract was (1) assumed or rejected previously by the Debtor and such rejection or assumption was approved by an Order of the Bankruptcy Court; (2) previously expired or terminated pursuant to its own terms; (3) is the subject of a motion to reject filed on or before the Confirmation Date; or (4) is identified in the Plan Supplement(s) as a Contract to be rejected.

Entry of the Confirmation Order shall constitute an Order of the Bankruptcy Court approving the assumption or rejection of such Contracts as set forth in the Plan or the Plan Documents, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Unless otherwise indicated, assumption or rejection of Contracts under the Plan are effective as of the Effective Date or such later date as the Debtor and counterparty to a Contract may agree to in writing.

**9.2    Claims Based on Rejection of Contracts**.

Proofs of Claim with respect to Claims arising from the rejection of Contracts, if any, must be filed with the Bankruptcy Court within thirty (30) days after the later of service of (i) the notice of Effective Date, and (ii) notice that a particular Contract has been designated as rejected.  Claims arising from the rejection of the Debtor's Contract shall be classified as General Unsecured Claims and shall be treated in accordance with Article IV of the Plan.

Claims for rejection damages for which a Proof of Claim is not timely filed will be forever barred from assertion against the Debtor or the Reorganized Debtor, the Estate, and their respective property unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein.  Such Claims for rejection damages shall, as of the Effective Date, be subject to the discharge and permanent injunction provisions set forth in Article IX of this Plan.

**9.3    Cure of Defaults for Assumed Contracts and Leases**.

Any monetary defaults under each Contract that the Debtor assumes or assumes and assigns shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective Date, subject to the limitations described below, or on such other terms as the parties to the Contracts may otherwise agree.  In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Contract to be assumed or, (3) any other matter pertaining to assumption, the cure payments required under section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order or orders resolving the dispute and approving the assumption.

At least fourteen (14) days prior to the deadline to object to confirmation of the Plan, the Debtor shall distribute, or cause to be distributed, Cure Notices of proposed assumption and proposed amounts of Cure Claims to the applicable third parties.  Any objection by a counterparty to a Contract to a proposed assumption or cure amount must be filed and served on the Debtor by the deadline to object to confirmation of the Plan.  Absent an Order of the Bankruptcy Court to the contrary, any counterparty to a Contract that fails to object timely to the proposed assumption and cure amount will be deemed to have consented to such assumption and cure amount.

Assumption of any Contract pursuant to the Plan or otherwise, and payment of the applicable Cure Claim, if any, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any Contract at any time before the date of assumption by the Debtor or Reorganized Debtor of such Contract.

**9.4    Modifications, Amendments, Supplements, Restatements, or Other Agreements**.

Unless otherwise provided in the Plan, each Contract that is assumed shall include all modifications, amendments, supplements, restatements, or other agreements that in any manner affect such Contract, and Contracts related thereto, if any, including easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and other interests, unless any of the foregoing agreements have been previously rejected or repudiated or is rejected under the Plan.

Modifications, amendments, supplements, and restatements to prepetition Contracts that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Contract, or the validity, priority, or amount of any Claims that may arise in connection therewith.

**9.5    Reservation of Rights**.

Neither the exclusion nor inclusion of any Contract in the Plan Supplement(s), nor anything contained in the Plan, shall constitute an admission by the Debtor that any such Contract is in fact a Contract within the purview of section 365 of the Bankruptcy Code or that the

Reorganized Debtor has any liability thereunder. If there is a dispute regarding whether a Contract is or was executory or unexpired at the time of assumption or rejection, the Debtor shall have twenty-eight (28) days following entry of a Final Order resolving such dispute to alter its treatment of such contract or lease.

**9.6**      **Non-Occurrence of Effective Date**.

In the event that the Effective Date does not occur, the Bankruptcy Court shall retain jurisdiction with respect to any request to extend the deadline for assuming or rejecting unexpired leases pursuant to section 365(d)(4) of the Bankruptcy Code.

**9.7**      **Confirmation Pursuant to Section 1129(a)(10) and 1129(b) of the Bankruptcy Code**.

Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for purposes of confirmation of the Plan by acceptance of the Plan by an Impaired Class of Claims. The Debtor shall seek confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code with respect to any rejecting Class of Claims.

**9.8**      **Elimination of Vacant Classes**.

Any Class of Claims that does not have a Holder of an Allowed Claim or a Claim temporarily Allowed by the Bankruptcy Court in an amount greater than zero as of the date of the Confirmation Hearing shall be considered vacant and deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

## ARTICLE X

## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE

**10.1**      **Conditions to Confirmation**.

The following are conditions precedent to Confirmation of the Plan that may be satisfied or waived in accordance with Article [___] of the Plan:

(a)      the Bankruptcy Court shall have approved the Disclosure Statement with respect to the Plan in an order in form and substance reasonably acceptable to the Debtor and the DIP Lender;

(b)      the Confirmation Order and Plan Documents shall be in form and substance reasonably acceptable to the Debtor and the DIP Lender;

(c)      at least one impaired class of creditors has voted to accept the Plan without including the votes of insiders; and

(d)      Searchmetrics GmbH shall have committed to fund the Plan.

**10.2    Conditions to Effective Date.**

(a)    the Bankruptcy Court shall have confirmed the Plan and the Confirmation Order shall be in form and substance reasonably acceptable to the Debtor and the DIP Lender and the Confirmation Order shall not be the subject of a stay;

(b)    in each case subject to the occurrence of the Effective Date, to the extent necessary or appropriate, the Plan Documents to be entered into by the Reorganized Debtor shall have been entered and delivered, all actions, documents, and agreements necessary to implement the Plan shall have been effected or executed and the Debtor shall have received all material authorizations, consents, regulatory approvals, rulings, letters, no-action letters, opinions, or documents that are reasonably necessary to implement the Plan and that are required by law, regulation, or order; and

(c)    Searchmetrics GmbH shall have funded the Plan.

**10.3    Effectiveness.**

The Plan shall not become effective unless and until: (i) the Confirmation Order shall have become final and non-appealable, and (ii) the Plan Documents shall have been executed and become effective.

**10.4    Waiver of Conditions.**

The Debtor and the DIP Lender, to the extent not prohibited by applicable law, may waive one or more of the conditions precedent: (i) to Effective Date set forth in Article XI hereof in whole or part, upon five (5) Business Days' notice to the Bankruptcy Court without a hearing or (ii) to confirmation of the Plan set forth in Article XI hereof prior to the Confirmation Date without any hearing.  The failure to satisfy or waive any condition to the Confirmation Date or the Effective Date may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such conditions to be satisfied (including any action or inaction by the Debtors in its sole discretion).  The failure of the Debtor to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right, which may be asserted at any time.

**10.5    Withdrawal of Plan.**

(a)    Right to Revoke or Withdraw.  The Debtor reserves the right to revoke or withdraw the Plan at any time prior to the Effective Date.

(b)    Effect of Withdrawal, Revocation, or Non-Consummation.  If the Debtor revokes or withdraws the Plan prior to the Effective Date, or if the Confirmation Date or the Effective Date does not occur, the Plan; any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Equity Interest or Class of Claims or Equity Interests); the assumption or rejection of Contracts; any release, exculpation, or indemnification provided for in the Plan; and any document or agreement executed pursuant to the Plan shall be null and void.  In such event, nothing contained herein, and no acts taken in preparation for consummation of the Plan shall be deemed to constitute a waiver or release of any

Claims against, Equity Interest in or Causes of Action of the Debtor or any other Person, to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor, or to constitute an admission of any sort by the Debtor or any other Person.

### 10.6    Waiver of Rule 3020(e) Stay.

Pursuant to Bankruptcy Rule 3020(e), the Confirmation Order shall be immediately effective upon its entry and shall not be subject to the stay provided in Bankruptcy Rule 3020(e).

# ARTICLE XI

# RETENTION OF JURISDICTON

### 11.1    Scope of Bankruptcy Court Jurisdiction.

The Bankruptcy Court shall have and retain jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a)    To hear and determine pending applications for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases and the allowance of cure amounts and Claims resulting therefrom or from the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases pursuant to this Plan;

(b)    To hear and determine any and all adversary proceedings, applications, and contested matters and to order appropriate relief in connection therewith (including issuance and/or enforcement of releases);

(c)    To hear and determine any objection to Administrative Expense Claims and/or Claims;

(d)    To enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(e)    To issue such Orders in aid of execution and consummation of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(f)    To consider any amendments to, or modifications of, the Plan and the Plan Supplement, and any dispute or controversy relating to execution, delivery, or compliance with any document included in the Plan Supplement, and to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including the Confirmation Order;

(g)    To hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331, and 503(b) of the Bankruptcy Code;

(h)    To hear and determine all matters related to any Fee Claim dispute;

- 35 -

(i)      To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan;

(j)      To hear and determine disputes with respect to Contracts and Leases;

(k)      To issue injunctions, enter and implement other Orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation, or enforcement of the Plan, any transaction to be consummated in accordance herewith, the Confirmation Order, or any other Order of the Bankruptcy Court;

(l)      To recover all assets of the Debtor and property of the Debtor and the Reorganized Debtor wherever located;

(m)      To hear and determine matters concerning state, local, and federal taxes, including as provided by sections 346, 505, and 1146 of the Bankruptcy Code (including the expedited determination of tax under section 505(b) of the Bankruptcy Code);

(n)      To resolve any Disputed Claims;

(o)      To hear any other matter not inconsistent with the Bankruptcy Code;

(p)      To interpret and/or enforce any prior Orders entered by the Bankruptcy Court, including any and all agreements and documents related thereto; and

(q)      To enter a Final Decree; provided, however, that with respect to a governmental unit's exercise of its police or regulatory powers, other than the enforcement of a money judgment, the jurisdiction of any other tribunal shall not be reduced or impaired from that as set forth in any applicable, valid statutory grant of jurisdiction.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

### 12.1    Effectuating Documents and Further Transactions.

The Debtor and the Reorganized Debtor are each authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and any securities issued pursuant to this Plan.

### 12.2    Termination of Professionals.

On the Effective Date, except as otherwise provided in this Plan, the engagement of each Professional retained by the Debtor and Committee, if any, shall be terminated without further Order of the Bankruptcy Court or act of the parties.

**12.3    Payment of Statutory Fees**.

On the Effective Date, and thereafter as may be required, the Debtor and/or Reorganized Debtor, as applicable, shall pay all fees payable pursuant to section 1930 of chapter 123 of title 28 of the United States Code through the entry of a Final Decree.

**12.4    Post-Effective Date Fees and Expenses**.

From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional Persons thereafter incurred by the Reorganized Debtor, including those fees and expenses incurred in connection with the implementation and consummation of this Plan.

**12.5    Amendment or Modification of this Plan**.

Alterations, amendments, or modifications of or to the Plan may be proposed in writing by the Debtor at any time prior to the Confirmation Date, *provided*, *however*, that the Plan, as altered, amended, or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code and the Debtor shall have complied with section 1125 of the Bankruptcy Code. This Plan may be altered, amended, or modified at any time after the Confirmation Date and before substantial consummation, provided that this Plan, as altered, amended, or modified, satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as altered, amended, or modified, under section 1129 of the Bankruptcy Code and the circumstances warrant such alterations, amendments, or modifications.

**12.6    Confirmation Order**.

The Confirmation Order shall, and is hereby deemed to, ratify all transactions effected by the Debtors during the period commencing on the Petition Date and ending on the Effective Date, except for any acts constituting willful misconduct, gross negligence, recklessness, or fraud.

**12.7    Severability**.

If, prior to the entry of the Confirmation Order, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.    Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**12.8** **Expedited Tax Determination**.

The Reorganized Debtor may request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Debtor or Reorganized Debtor for all taxable periods beginning on or before the Effective Date.

**12.9** **Governing Law**.

Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit or schedule hereto or in the Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to any contrary result otherwise required under applicable choice or conflict of law rules.

**12.10** **Binding Effect**.

The Plan shall be binding upon and inure to the benefit of the Debtor, the Holders of Claims and Equity Interests, and their respective successors and assigns, including the Reorganized Debtor.

**12.11** **Exhibits/Schedules**.

All exhibits and schedules to the Plan, including the Plan Supplement, are incorporated into and are a part of the Plan as if set forth in full herein.

**12.12** **Notices**.

All notices, requests, and demands to or upon the Debtor or the Reorganized Debtor to be effective shall be in writing (including by facsimile transmission) and, unless otherwise expressly provided for herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

| The Debtor and Its Counsel | |
|---|---|
| **CHIPMAN BROWN CICERO & COLE, LLP**<br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:    (302) 295-0191<br>Facsimile:    (302) 295-0199<br>Email:    chipman@chipmanbrown.com<br>    olivere@chipmanbrown.com<br><br>*Proposed Counsel for the Debtor and*<br>*Debtor-in-Possession* | **EISNERAMPER LLP**<br>Attn:  Wayne P. Weitz<br>c/o EisnerAmper LLP<br>750 Third Avenue<br>New York, New York 10017<br>Telephone:    (212) 949-8700<br>Email:    wayne.weitz@eisneramper.com<br><br>*Chief Restructuring Officer of the Debtor* |

*[Remainder of page intentionally left blank.]*

Dated:  May 8, 2017

**SEARCHMETRICS INC.**

_____

Wayne P. Weitz
Chief Restructuring Officer